IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | Case No. 3:24-cr-13 |
| Plaintiff, | ) | |
| | ) | BRIEF IN SUPPORT OF |
| v. | ) | DEFENDANT'S NOTICE OF |
| | ) | APPEAL TO DISTRICT COURT |
| DAVID ENRIQUE REMIGIO, | ) | |
| | ) | |
| Defendant. | ) | |

**TABLE OF CONTENTS**

I.     INTRODUCTION..................................................................................................1

II.    DETENTION HEARING.......................................................................................2

III.   APPLICABLE LAW..............................................................................................2

IV.   ARGUMENT..........................................................................................................3

V.    CONCLUSION......................................................................................................5

COMES NOW the defendant, David Enrique Remigio, through counsel, and hereby submits his brief in support of his appeal to the district court from the Order of Detention which was entered by the magistrate court on March 13, 2024. (Dkt. 19). In support of this appeal, the defendant asserts the following:

**I.    INTRODUCTION**

On March 5, 2024, an indictment was filed in the above captioned matter, charging David Enrique Remigio with receipt of child pornography and possession of child pornography. (Dkt. 1,

2). A detention hearing was held in this matter on March 12, 2024, and the court took the matter under advisement. (Dkt. 18). On March 13, 2024, the Honorable Magistrate Judge Stephen B. Jackson, Jr. entered an order detaining Mr. Remigio. (Dkt. 19). The defendant has now appealed the detention order to the district court.

## II. DETENTION HEARING.

As noted above, March 13, 2024, Honorable Magistrate Judge Stephen B. Jackson, Jr. entered an order detaining Mr. Remigio. In that order, Judge Jackson stated that it was a close question and that many factors suggest release. The release factors included the fact that Mr. Remigio, "has no criminal record, he is employed or employable, he has a third party custodian and residence to return to, flight is not at risk, he has cooperated with law enforcement, and the Probation Office recommends release." (Dkt. 19, pg. 3). Further, the court noted that "the alleged offenses occurred 16 months ago, and Mr. Remigio has not been charged in the intervening period." *Id*. Ultimately, however, the court found that the government met its burden to show detention as to danger. *Id.*

## III. APPLICABLE LAW.

When the district court reviews the magistrate's detention decision, the applicable standard of review is de novo. *United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985). In fact, the district court is to make the same inquiry regarding a defendant's risk of flight and danger to the community. *Id*. at 1484. Pre-trial detention is authorized when "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community…" 18 U.S.C. § 3142 (e)(1). The Bail Reform Act "continues to favor release over pretrial detention." *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). The Congressional intent of the Bail Reform Act was to address concerns about "a small but

2

identifiable group of particularly dangerous defendants as to whom neither the imposition [sic] of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or other persons." *Id.* (*citing* S.Rep. No. 225, 98th Cong., 1st Sess. 6-7, *reprinted in* 1984 Code Cong. & Ad.News at 3189). The Act's legislative history indicates, "[t]he decision to provide for pretrial detention is in no way a derogation of the importance of the defendant's interest in remaining at liberty prior to trial. * * * It is anticipated that [pretrial release] will continue to be appropriate for the majority of Federal defendants." *Orta*, at 891. The government bears the burden of showing by clear and convincing evidence that no release conditions will reasonably assure the safety of the community or by a preponderance of the evidence that no release conditions will reasonably assure the defendant's appearance. *Id.*[1]

IV. **ARGUMENT**

1. **Nature and circumstances of the offense charged and the weight of the evidence.**[2]

At the detention hearing, the government presented evidence by way of proffer that a search warrant was executed on the defendant's residence on November 15, 2022. (D.T., pg. 5, lines 2-3). During the search of the residence, Mr. Remegio spoke with one of the detectives in Des Moines County Sheriff's Office. (D.T., pg. 5, lines 5-7). According to the proffer, the defendant admitted possessing and receiving child pornography. (D.T., pg. 5, lines 7-10). He also admitted to possessing images of an individual that he knew. (D.T., pg. 5, lines 14-20). The conduct began in April of 2022 and ended on November 15, 2022. (D.T. pg. 6, lines 14-17).

2. **History and characteristics of Mr. Remigio.**

---

[1] At the detention hearing, the government did not argue risk of flight. (D.T., pg. 18, lines 11-13).
[2] The defendant is presumed to be innocent. 18 U.S.C. § 3142(j).

Mr. Remigio is 29 years of age. (Pretrial Services Report, pg. 1). He has no criminal history. (Pretrial Services Report, pg. 3). He was born in Hartford, Connecticut, but currently resides in Iowa with his fiancé. (Pretrial Services Report, pg. 2). They have been in a relationship for six years. (Pretrial Services Report, pg. 2). He has a good work history. (Pretrial Services Report, p. 2). He described his mental health as pretty good, however, he does have several diagnoses. (Pretrial Services Report, pg. 3). He does not currently have a problem with drugs or alcohol. (Pretrial Services Report, pg. 3).

At the detention hearing, Hope Wolkenhauer testified that she has been dating the defendant for the last six years and they have resided at their current residence in Burlington, Iowa, for almost two years. (D.T., pg. 10, lines 13-23). Mr. Remigio has been employed the entire time. (D.T., pg. 10, lines 24-25). Ms. Wolkenhauer testified that they were both cooperative with law enforcement on November 15, 2022. (D.T., pg. 11, lines 4-11). She is willing to act as a third party custodian. She does not have any firearms in her residence and all of her internet capable devices could be password protected. (D.T., pg. 12, lines 15-25). There is no evidence to suggest that from November 15, 2022, until March 5, 2024, Mr. Remigio continued to engage in the alleged conduct.

V. CONCLUSION

WHEREFORE, the defendant, David Enrique Remigio, respectfully requests that Judge Jackson's order detaining the defendant be reversed and that Mr. Remigio be released on conditions.

FEDERAL DEFENDER'S OFFICE
CBI Bank & Trust Building
101 W. 2nd Street, Suite 401
Davenport, IA 52801
TELEPHONE: (563) 322-8931
TELEFAX: (563) 383-0052
EMAIL: terry_mcatee@fd.org

By: */s/Terence McAtee*
    **Terence McAtee**
    Assistant Federal Defender
    ATTORNEY FOR DEFENDANT

cc: Matthew Stone, AUSA

CERTIFICATE OF SERVICE
I hereby certify that on April 9, 2024, I electronically filed this document with the Clerk of Court using the ECF system which will serve it on the appropriate parties.
    /s/