IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID ENRIQUE REMIGIO,<br><br>Defendant. | No. 3:24-cr-00013-SHL-SBJ<br><br><br><br>**ORDER ON APPEAL FROM<br>DETENTION RULING** |

On March 5, 2024, a grand jury for the Southern District of Iowa returned an Indictment charging Defendant David Enrique Remigio with receipt of child pornography (Count 1) possession of child pornography (Count 2). (ECF 2.) Remigio was arrested on March 6, 2024, and had a detention hearing before Chief Magistrate Judge Stephen B. Jackson, Jr. was held on March 12, 2024. (ECF 18.) On March 13, 2024, Judge Jackson issued a ruling ordering Remigio detained pending trial. (ECF 19.) Remigio appeals. (ECF 22.)

The undersigned reviews a magistrate judge's findings of fact for clear error but the ultimate issue of detention or release *de novo*. *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003). The Government must prove risk of flight by a preponderance of the evidence and/or danger to the community by clear and convincing evidence. *See* 18 U.S.C. § 3142(f). The factors the Court must consider include, *inter alia*: the nature and circumstances of the offense charged; the weight of the evidence; the defendant's history and characteristics (including past conduct and whether the defendant was under supervision at the time of the current offense or arrest); and the nature and seriousness of the danger to any person or the community if the defendant is released. *See id.* § 3142(g).

The charges against Remigio carry a rebuttable presumption of pretrial detention pursuant to 18 U.S.C. § 3142(e)(3)(E). He bears a "limited burden of production—not a burden of persuasion—to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight." *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). If a defendant satisfies the burden of production, "the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Id.* Chief Judge Jackson

1

concluded that, although Remigio had rebutted the presumption of detention, the Government nonetheless proved by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community. (ECF 19.)

After reviewing the record, the Court agrees with Chief Judge Jackson's conclusion that Remigio rebutted the presumption of detention through, *inter alia*, evidence that he has no criminal history, has skills that make him employable should he not be able to return to his previous employment, is not a flight risk, and has cooperated with law enforcement since the search warrant was executed on his home in November 2022.

With the presumption of detention having been rebutted, the burden shifts to the Government to prove there is no condition or combination of conditions of release that will reasonably assure: (i) Remigio's appearance as required; and (ii) the safety of any other person and the community. The former must be proven by a preponderance of the evidence, while the latter must be proven by clear and convincing evidence. Although this is a close call, the Court agrees with Chief Judge Jackson's ruling that the Government satisfied its burden of proving that there is no condition or combination of conditions of release that will reasonably assure the safety of any other person and the community. The Government's evidence showed that Remigio has viewed child pornography without interruption since middle school and possessed, among other things, pornographic images of a three-year old child whom he personally knows. The evidence further showed that he viewed the child pornography on a special phone he kept specifically for the purpose of possessing child pornography and of which his partner had no knowledge. Remigio also lied to his partner when she asked whether he possessed child pornography. In these circumstances, the Government has met its burden, particularly given that Remigio's release plan would involve him living with the same partner that he was able to keep in the dark about his unlawful activity in the first place.

For these reasons, the Court DENIES Remigio's Appeal of Magistrate Judge Decision. (ECF 22.) Remigio shall remain in the custody of the Attorney General or the Attorney General's designated representative pending trial.

**IT IS SO ORDERED.**

Dated: May 28, 2024

STEPHEN H. LOCHER
U.S. DISTRICT JUDGE